# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2803 | **DATE** | January 8, 2002 |
| **CASE TITLE** | UNITED STATES v. Moses Hamdan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  The defendant's motion to vacate his conviction and sentence under Section 2255 [1-1] is denied. ENTER MEMORANDUM OPINION.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JAN 16 2002 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | January 8, 2002 | |
| | | | date mailed notice | |
| kam | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

97-2803.011                                          January 8, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED

JAN 1 6 200

|                          |   |                |
|--------------------------|---|----------------|
| UNITED STATES OF AMERICA | ) |                |
|                          | ) |                |
|         Plaintiff,       | ) |                |
|                          | ) |                |
|            v.            | ) | No. 97 C 2803  |
|                          | ) |                |
| MOSES HAMDAN             | ) |                |
|                          | ) |                |
|         Defendant.       | ) |                |

## MEMORANDUM OPINION

Before the court is Moses Hamdan's motion under 28 U.S.C. § 2255 to vacate the judgment of conviction entered against him on December 23, 1994 and the sentence subsequently imposed.

## BACKGROUND

Moses Hamdan was convicted of possessing cocaine with intent to distribute and conspiracy to do the same. See 21 U.S.C. §§ 841(a)(1) and 846. The facts of this case were summarized by the Seventh Circuit in Hamdan's appeal.

> The defendant was indicted in the first two counts of the government's "Second Superseding Indictment" against him and his brother David Hamdan ("David"). The first count of the grand jury indictment charged David and Moses Hamdan with conspiring with a number of other known and unknown individuals to possess with intent to distribute multi-kilogram quantities of cocaine. The second count of the indictment charged David and Moses Hamdan with possessing with intent to distribute approximately fifty kilograms of cocaine on September

9, 1991. At trial, the government contended that Moses was guilty on this count because he was liable for the foreseeable offense of possession committed by his fellow conspirators in furtherance of the conspiracy. See Pinkerton v. United States, 328 U.S. 640, 647 (1946). Moses initially pleaded guilty, but later withdrew his plea. A jury found him guilty on both counts. He was sentenced to 210 months' imprisonment and five years' supervised release.

Hamdi Ayyash, Rosella De La Cruz, David Chandler and Abdullah Zaatrah testified against the defendant at trial. In exchange for their cooperation, the first three plea bargained for substantially lower sentences, and Zaatrah, who had already pleaded guilty before deciding to testify, reached an agreement with the government in which it promised to attempt to obtain a sentence reduction.

United States v. Hamdan, 70 F.3d 1275, 1995 WL 686327, *1 (7th Cir. Ill. 1995). In his unsuccesful appeal, Moses attacked the witnesses' credibility, arguing, in part, that they made inconsistent and unbelievable statements during trial.

The defendant raises some similar arguments to support his § 2255 motion. First, he argues that the government concealed from the defense that the testimony of Hamdi Ayyash at the prior trial of Isabel Restrepo was false and questionable. Second, he argues that the government wilfully used the perjured testimony of Rosella De La Cruz. Third, the defendant argues that his sentence was erroneously increased because of a prior conviction for a marijuana offense that had been expunged.

The defendant has also filed an addendum and two supplements

to his motion[1] in which he raises three new claims: (1) the government violated 18 U.S.C. § 201(c)(2) by promising leniency to co-defendants who testified against him; (2) this court enhanced his sentence on the basis of the quantity of drugs involved without requiring the government to prove the quantity beyond a reasonable doubt; (3) the penalty provision of the statute under which he was convicted, § 841(b)(1)(A) and (B), is unconstitutional.

## ANALYSIS

### I. ORIGINAL CLAIMS

#### A. The Testimony of Hamdi Ayyash

The defendant argues that the government concealed from the defense that Hamdi Ayyash had committed perjury at the prior trial of Isabel Restrepo. According to the defendant, Ayyash testified that Restrepo and David Hamdan had arrived at Ayyash's home in the summer of 1991 to collect money for a drug delivery, and that Restrepo was with her baby. In fact, her baby was not born until September 8, 1991. The defendant also argues that Ayyash's testimony that he picked drugs up at Restrepo's apartment on September 6, 1991 was also false because Restrepo visited her doctor on September 6 to prepare for her Caesarian

---

[1] The government has not had an opportunity to respond to the arguments raised in the defendant's addendum and supplement.

section. The defendant argues that the discrepancies in Ayyash's testimony demonstrate his willingness to lie about the presence of persons involved in the drug transactions, and defense counsel was deprived of an opportunity to develop this argument.

Isabel Restrepo also argued that Ayyash's testimony was false on these points in her own § 2255 motion. We denied the motion, reviewing the evidence carefully:

> Restrepo states that Hamdi Ayyash testified that in February of 1991 David Hamdan drove up to Ayyash's house, with Restrepo and her baby boy in the car, to pick up money for drugs. Restrepo memorandum in support of motion ("Defendant Memo."), p. 5. She says this testimony was false, because she had never had a baby boy, and her daughter was not born until September 8, 1991. Id....
>
> The basic problem with [Restrepo's] argument concerning this particular testimony of Ayyash is that her recollection of what Ayyash said is simply wrong. The trial transcript shows that Ayyash testified that he was not sure when this incident occurred but thought it was around early summer. He said nothing about defendant being in the car with "a baby," but instead said that Restrepo was in a car with Hamdan and "her son." He was not asked about the age of the "son," Transcript ("Tr."), p. 462-464, and did not indicate anything about age. The basis for Ayyash's testimony that the third person in the car was defendant's son does not appear, and perhaps it was simply an assumption on his part.
>
> The fact that [Restrepo's] daughter was not born until September of 1991 does not impeach Ayyash's testimony that he saw her in a car with David Hamdan and her son in "early summer" of 1991.

---

> [Restrepo] states that Hamdi Ayyash testified that he went to her apartment on September 6, 1991, and she took him to a closet, where she bent down, picked up

>four kilos of cocaine and handed them to him. Restrepo
>argues that this testimony was not credible, inasmuch
>as she was in her doctor's office on that date
>preparing for what was expected to be a difficult
>Caesarian birth a few days later and was therefore in
>no physical condition to be bending over and picking
>four kilos of drugs. Defendant Memo., p. 5-6....
>
>Again, [Restrepo] is incorrect in her recollection
>of Ayyash's testimony. He did not say that she bent
>over and lifted the bag. He said that she led him to
>the closet and opened it, where he saw a bag. He asked
>her "how many," and she said "four." Ayyash then "took
>the bag" and walked out. Tr., p. 460.
>
>Testimony of the obstetrician and [Restrepo]
>herself concerning the state of her pregnancy would not
>have impeached Ayyash. As the government points out,
>"what Restrepo did -- walk down a hallway; open a door;
>talk -- was well within the physical limitations of a
>pregnant woman." Government's Response to Isabel
>Cristina Restrepo's Petition to Vacate, Set Aside or
>Correct Judgment ("Government Memo."), p. 12.

United States v. Restrepo, No. 95 C 1737, slip op. at 2-4 (N.D. Ill. April 21, 1997) (Grady, J.). The defendant has not identified any trial testimony different from that analyzed above, and thus, has made no showing that Ayyash's testimony was false.

We reject the defendant's argument that the government violated the defendant's due process rights by failing to point out these alleged inconsistencies to the defense.

### B.  The Testimony of Rosella De La Cruz

The defendant also argues that the government willfully used the perjured testimony of Rosella De La Cruz. According to the

defendant, De La Cruz testified at defendant's trial that "he drove the car to the airport for the alleged accomplices to fly to Texas to buy drugs.... [But] she had testified at the prior trial that it was Restrepo, not defendant, who drove the three courriers (sic) to the airport." Defense Response to the Opposition of the Government, at 2.

To obtain a new trial on the basis of the government's use of perjured testimony, the defendant must establish that (1) the prosecution's case included false testimony, (2) the prosecution knew or should have known it was false, and (3) there is a likelihood that the use of false testimony could have affected the judgment of the jury. United States v. Guadagno, 970 F.2d 214, 220 (7th Cir. 1992).

Here, the defendant fails on the first point: there is no evidence that De La Cruz testified falsely. The defendant does not attach any of the trial transcripts showing that De La Cruz changed her testimony. The defendant points to the government's "Sentencing Memorandum and Official Version of the Facts" prepared for Restrepo's sentencing hearing, which states that "Restrepo drove David Hamdan, Mahmoud Ayyash and Rosella De La Cruz and her son to O'Hare Airport." See Defendant's Motion, at 4. This memorandum says nothing about De La Cruz identifying Restrepo as the driver. Moreover, De La Cruz took several trips to the airport, and the defendant's failure to identify which

trip is at issue makes it impossible to evaluate his claims.

> In August 1991, [De La Cruz] flew down to Houston with David Hamdan, Mahmoud Ayyash and her teenage son....
>
> According to De La Cruz, Moses drove her and Jamal Hamdan to the airport on September 4, 1991, for a second trip to Houston....
>
> On October 22, 1991, Moses drove De La Cruz and Jamal Hamdan to the airport for another trip to Houston.

See Hamdan, 1995 WL 686327 at *3-4. It is perfectly plausible that De La Cruz was referring to the August trip in Restrepo's trial and the September or October trips in the defendant's trial. Therefore, the defendant has not met his burden of establishing that De La Cruz testified falsely. See Guadagno, 970 F.2d at 220 (noting that a failure to prove false testimony dispenses with the first and second requirements of the above test).

Even if he could establish perjury, the defendant has not shown that the allegedly false testimony affected the judgment of the jury. See id. The evidence against the defendant was overwhelming, and revealed a drug conspiracy with many levels that spanned from at least 1986 through 1991. See Hamdan, 1995 WL 686327 at *1-5 (summary of the facts). Several witnesses besides De La Cruz testified against the defendant, including Hamdi Ayyash, David Chandler and Abdullah Zaatrah. Documentary evidence corroborated the testimony of these witnesses concerning the activities of the conspiracy. See Hamdan, 1995 WL 686327 at *1.

Therefore, we reject the defendant's contention that a new trial should be granted on the basis of De La Cruz's allegedly false testimony.

### C. The Defendant's Sentence Was Not Erroneously Increased

The defendant argues that this court improperly increased his sentence on the basis of a conviction that had been expunged. Specifically, he refers to a conviction "in Cook County Circuit Court for marijuana." Defense Response to the Opposition of the Government, 1. The defendant is incorrect to assert that his sentence was increased due to a marijuana offense.

The pre-sentence investigation report reflects a conviction for Possession of Cannabis in the Cook County Circuit Court in February of 1983. However, a Statement of Correction to the pre-sentence investigation report states as follows:

> During the sentencing hearing, the defendant contested this conviction. Although the Court found some evidence to verify the assignment of one point, the Court concluded that it would not consider this point in calculating the criminal history category and the guideline range.

Statement of Correction to Pre-sentence Investigation Report, February 6, 1995. The only criminal history point assigned to the defendant was for a 1985 conviction for theft and forgery which he does not challenge. Therefore, the defendant's claim is meritless.

## II. ADDITIONAL CLAIMS

Since filing his original § 2255 motion, the defendant filed an addendum on November 16, 1998, a supplement on June 29, 2001, and another supplement on December 7, 2001. Because they raise claims different from those raised in the original motion, these are most likely untimely filed. See United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000) (holding that amendments to the original motions were untimely filed and would be considered only if they relied on new rights recognized by the Supreme Court and made retroactive on collateral review). Nevertheless, in the interest of thoroughness, we will address the defendant's arguments.

### A. Exclusion of Witness Testimony

In his addendum, the defendant argues that the testimony of Hamdi Ayyash, Rosella De La Cruz, James Chandler, and Abdallah Zaatrah was obtained in violation of 18 U.S.C. § 201(c)(2)[2/] because the witnesses received a reduction in their prison sentences in exchange for testifying against the defendant. This argument is meritless. As the Seventh Circuit has explained:

> [T]he government cannot violate 18 U.S.C. § 201(c)(2) by promising to do something it is authorized by law to do. See [United States v.] Barrett, 505 F.2d [1091,] 1102 [(7th Cir. 1974)]. As the United States points

---

[2/] Section 201(c)(2) provides:
   Whoever ... directly or indirectly, gives, offers or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court ... shall be fined under this title or imprisoned for not more than two years or both.

>    out, federal law permits a court upon motion by the
>    government, to reduce a defendant's sentence to reflect
>    the defendant's substantial assistance in the
>    prosecution of another person. See 18 U.S.C. § 3553(e)
>    (Supp. 1999); see also U.S. Sentencing Guidelines
>    Manual § 5K1.1 (1998).

United States v. McGee, 189 F.3d 626, 630-31 (7th Cir. 1999) (footnote omitted); see also United States v. Harmon, 194 F.3d 890, 987-98 (8th Cir. 1999) (holding that a plea arrangement offered in exchange for testimony does not violate section 201(c)(2)); United States v. Ward, 190 F.3d 483, 490-91 (6th Cir. 1999) (stating that section 201(c)(2) does not prohibit prosecutors from offering leniency in exchange for cooperating with the government, and in any event, the exclusionary rule would not bar the testimony). Therefore, we reject the defendant's argument that his conviction should be vacated because the testimony of De La Cruz, Hamdi Ayyash, Chandler, and Zaatrah should have been excluded.[3/]

### B. *Apprendi* Argument

In the first supplement to his motion, the defendant argues that this court improperly enhanced his sentence on the basis of the quantity of drugs involved without requiring the government

---

[3/] Similarly, we reject his contention that his attorney provided ineffective assistance by failing to move to suppress this testimony. Any such motion would have run counter to the Seventh Circuit's long standing holding in United States v. Barrett, 505 F.2d 1091 (7th Cir. 1974). Therefore, the defendant cannot show his counsel's performance fell below an objective standard of reasonableness, or that there exists a reasonable probability that moving to suppress this evidence would have altered the result. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

to prove the quantity beyond a reasonable doubt. He relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Supreme Court "held that factual findings that raise a defendant's sentence above the statutory maximum for the crime of conviction 'must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.'" United States v. Adkins, No. 00-1057, 2001 WL 158762 (7th Cir. Dec. 13, 2001).

The fundamental problem[4] with his argument is that the defendant's sentence was not enhanced above the statutory maximum. The maximum sentence for violations of § 841 is 20 years, 21 U.S.C. § 841(b)(1)(C), unless the high quantity of drugs involved in the crime triggers the enhanced penalties available under § 841(b)(1)(A) or (B). See id; United States v. Nance, 236 F.3d 820, 825 (7th Cir. 2000). The defendant's sentence was less than 210 months imprisonment, that is, seventeen and a half years. The applicable guideline range was 188 to 235 months in prison – thus, the defendant was in no danger of being sentenced to a term longer than 20 years in prison. See Statement of Correction to Pre-sentence Investigation Report, at 3. Because "the Apprendi rule applies only to drug

---

[4] We will put aside other problems, including the question of whether Apprendi even applies retroactively to collateral attacks. See United States v. McNeal, No. 01 C 3651, 2001 WL 1338988, at *1 (N.D. Ill. Oct. 30, 2001) (noting that the Seventh Circuit has declined to apply Apprendi retroactively). Even if Apprendi were retroactively applicable on collateral review, it appears that the defendant did not raise an Apprendi-type argument at trial or on appeal, and he has not made any attempt to show "cause and prejudice" for this failure. See Ashley v. United States, 266 F.3d 671, 675 (7th Cir. 2001).

-12-

quantities that permit a sentence in excess of the default statutory maximum of twenty years," Nance, 236 F.3d at 825, we reject the defendant's Apprendi argument.

The defendant also cites Jones v. United States, 526 U.S. 227 (1999) and McMillan v. Pennsylvania, 477 U.S. 79 (1986), neither of which alter the above analysis or lend further support his argument. See Jones, 526 U.S. at 232-33, 252 (noting that "serious bodily injury" in a carjacking statute increased the maximum penalty for the offense, and holding that "serious bodily injury" was an element of the offense); McMillan, 477 U.S. at 87-88 (finding state law Constitutional, observing that it did not alter the maximum penalty for the crime but only limited the sentencing court's discretion in imposing a sentence within the range already available to it).

### C. **Constitutionality of 21 U.S.C. § 841(b)(1)(A) & (B)**

In his latest supplement, the defendant argues that 21 U.S.C. § 841(b)(1)(A) and (B) is unconstitutional, that it cannot be severed from § 841(a), and therefore, this court should vacate his conviction. He relies on the Ninth Circuit's recent ruling in United States v. Buckland, which held that Apprendi "renders sections 841(b)(1)(A) and (B) unconstitutional because they permit the judge to find a fact, the quantity of drugs, under the preponderance of the evidence standard, that increases

the maximum penalty to which a defendant is exposed." Buckland, 259 F.3d 1157, 1163 (9th Cir. 2001). This case, however, has been set for rehearing en banc and is not considered precedent from the Ninth Circuit. See United States v. Buckland, 265 F.3d 1085 (9th Cir. 2001). Moreover, Buckland addresses only the enhanced penalties under § 841(b)(1)(A) and (B). Here, the defendant was sentenced to less than the statutory maximum of twenty years allowed under the penalty provisions of § 841(b)(1)(C). There is no suggestion that § 841(b)(1)(C) is unconstitutional.

## **CONCLUSION**

We reject all of the defendant's arguments for vacating his conviction and sentence. The defendant has failed to show that witnesses Hamdi Ayyash and Rosella De La Cruz offered false testimony or that his sentence was improperly enhanced because of a marijuana conviction. As to the subsequent claims, they are all time-barred and fail on the merits in any event: the government did not violate § 201(c)(2), Apprendi does not apply to the defendant's case, and the constitutionality of § 841(b)(1)(A) or (B) is irrelevant to the defendant's case because his sentence is below the statutory maximum set forth in § 841(b)(1)(C).

The defendant's motion to vacate his conviction and sentence under § 2255 is denied.

DATE:      January 8, 2002

ENTER:     _____
           John F. Grady, United States District Judge